# In the United States Court of Federal Claims

| | |
|---|---|
| DAVID A. JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 21-cv-1375 <br><br> Filed: November 1, 2021 |

*David A. Jackson*, Oceanside, California, appearing *pro se*.

*Sophia Siddiqui* and *Jason S. Slemont*, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

Plaintiff David A. Jackson, appearing *pro se*, alleges various claims against the Internal Revenue Service (IRS), including a claim for a tax refund. Complaint (ECF No. 1) (Compl.). Presently before the Court is Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (Rule(s)) arguing that (1) Plaintiff failed to exhaust administrative remedies for his refund claim, (2) the Court lacks jurisdiction over unlawful collection actions against the IRS, and (3) Plaintiff relies on a theory uniformly rejected by courts. *See generally* Defendant's Motion to Dismiss (ECF No. 9) (Def. Mot.). For the reasons discussed below, Defendant's motion is **GRANTED**, and Plaintiff's claims are **DISMISSED**.

## BACKGROUND

To the extent discernable, Plaintiff appears to be pursuing a tax refund claim, as he seeks to have the IRS "honor" his amended tax return and "return [his] property." *See*

Compl. at 1-3. The Court also generously construes Plaintiff's complaint to allege unlawful collection activities by the IRS, although no additional relief pertaining to those activities is requested for this claim. *Id.* at 2.

Plaintiff's complaint consists of two paragraphs and no supporting documents. *See* Compl. Except for conclusory statements, the complaint does not contain information concerning Plaintiff's original or amended 2014 tax returns or the process surrounding those filings. However, in its motion to dismiss, Defendant attached Plaintiff's relevant tax documents as exhibits. Plaintiff does not dispute the accuracy of these exhibits.

According to those exhibits, Plaintiff reported an adjusted gross income of $73,948 and withholding of $13,803 on his 2014 Form 1040, U.S. Individual Income Tax Return. *See* Defendant's Exhibit 1 (ECF 9-1) (Original Return). The IRS assessed tax of $11,814, and Plaintiff received a refund of $1,989. *Id.* Three years later, on April 2, 2018, Plaintiff submitted his 2014 Form 1040x, Amended U.S. Individual Income Tax Return (Amended Return). *See* Defendant's Exhibit 2 (ECF 9-1) (Def. Ex. 2) at 6.[1] Plaintiff's Amended Return (1) changed Plaintiff's adjusted gross income from $73,948 to $0, (2) changed Plaintiff's tax from $11,814 to $0, (3) alleged withholdings of $19,445,[2] and (4) requested an additional refund of $17,456. *Id.* Along with Plaintiff's Amended Return, Plaintiff attached a Form 4852, Substitute for Form W-2, Wage and Tax Statement, which reported wages of $0 for tax

---

[1] Defendant filed all exhibits as one attachment to the Motion to Dismiss, and the Court references the attachments' CM/ECF-generated page numbers.

[2] While Plaintiff's Original Return lists withholdings of $13,803, his Amended Return purports that he originally withheld $19,445 and thus was not changing his withholdings when he claimed withholdings of $19,445 in his Amended Return. Original Return; Def. Ex. 2 (providing Plaintiff's Amended Return).

year 2014.  *Id.* at 8-9.  As explained in his cover letter to his Amended Return, Plaintiff submitted Form 4852 to "rebut the data" on the W-2s received from his employer, which reported his income consistent with his Original Return.[3]  *Id.* at 10.

On December 7, 2018, the IRS sent Plaintiff a letter informing him that his "purported tax return" was "frivolous," had "no basis in the law;" and, if he did not immediately correct the return, the IRS would assess a $5,000 penalty.  Defendant's Exhibit 7 (ECF 9-1) (Def. Ex. 7) at 35.  On May 28, 2019, Plaintiff's claim for credit was disallowed, and on June 10, 2019, the IRS issued Plaintiff a Notice of Penalty Charge in the amount of $5,000 pursuant to I.R.C. § 6702(a) for submitting a frivolous return.  Defendant's Exhibit 8 (ECF 9-1) (Def. Ex. 8); Defendant's Exhibit 9 (ECF 9-1) (Def. Ex. 9).

On December 2, 2019, the IRS sent Plaintiff a Notice of Intent to Levy and Your Right to a Hearing informing him that the IRS intended to levy Plaintiff's property due to his failure to pay the $5,000 frivolous return penalty.  *See* Defendant's Exhibit 10 (ECF 9-1) (Def. Ex. 10) at 46.  On December 11, 2019 and in response to the IRS notice, Plaintiff requested a Collection Due Process hearing, an administrative hearing before the IRS; following the hearing, the IRS issued a Notice of Determination on March 12, 2021, stating that its filing of the Notice of Intent to Levy was proper.  *Id.* at 44, 46.  On March 26, 2021, Plaintiff appealed the IRS Notice of Determination Regarding Collection Action to the United States Tax Court (Tax Court),[4] asserting that the penalty was improperly assessed.  Defendant's Exhibit 11 (ECF 9-1) (Def. Ex. 11).  The case is still pending before the Tax Court.

---

[3] There is a nominal difference between the income listed on the Original Return and the income listed on the W-2s.  The income listed on the Original Return takes into account taxable interest, which the W-2s do not.  Def. Ex. 3.

[4] *See* United States Tax Court Docket Number 2575-21L.

3

On May 14, 2021, Plaintiff filed a complaint in this Court seeking a "return [of his] property" for tax year 2014, in the amount of $17,456 plus interest.  *See* Compl. at 3; Def. Ex. 2 (providing Plaintiff's Amended Return).  Plaintiff's allegations are sparse, and his complaint is only one page.  It is unclear whether Plaintiff is just seeking a tax refund or whether he also seeks damages for what he argues are unlawful collection activities.  He alleges that the IRS: (i) "misused IRC Section 6702," which addresses penalties for filing a frivolous return; (ii) "failed to provide specifics, contrary to . . . § 6703," which places the burden of proof under Section 6702 on the IRS, (iii) used the IRS Manual to justify its assertions; and (iv) "failed to establish a counterclaim, as required by IRC Section . . . 6020(b), and 26 CFR § 301.6020-l(b)."  Compl. at 2.

On September 17, 2021, Defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  *See* Def. Mot.  On October 12, 2021, Plaintiff filed a response to the motion to dismiss.  Response to Defendant's Council [sic] Notice to Dismiss (ECF No. 12).[5]  Defendant filed its reply on October 28, 2021.  Reply to Response to Motion to Dismiss (ECF No. 15).

## APPLICABLE LEGAL STANDARD

Pursuant to Rules 12(b)(1) and 12(h)(3), this Court must dismiss claims that do not fall within its subject matter jurisdiction.  When considering a motion to dismiss based upon lack of subject matter jurisdiction, this Court accepts as true all uncontroverted factual allegations made by the non-movant and draws all reasonable inferences in the light most favorable to that party.  *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *see also Pixton v. B&B*

---

[5] Plaintiff filed a second response, which is listed on the docket as Plaintiff's "amended response;" however, this second response is substantively the same as Plaintiff's first response.  Amended Response to Motion to Dismiss (ECF No. 14) (Pl. Second Resp.).  In his second response, Plaintiff adds a table of contents and reorganizes some of his argument.  *See id*.  For simplicity, the Court cites exclusively to Plaintiff's second response.

*Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) ("When a party has moved to dismiss for lack of subject matter jurisdiction, we view the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate."). If a motion to dismiss for lack of subject-matter jurisdiction challenges the truth of the jurisdictional facts alleged, the court may consider relevant evidence outside the complaint in resolving the dispute. *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff also must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555-57).

## DISCUSSION

As an initial matter, when a plaintiff files a claim for a tax refund, Rule 9(m) requires the plaintiff to include a copy of the claim for refund and a statement identifying various information regarding the claim for refund. Rule 9(m)(2). This includes the tax year for which a refund is sought; the amount, date, and place of each payment to be refunded; the date and place the return was filed; the name, address, and identification number of the taxpayer; the date and place the claim for refund was filed; and the identification numbers of any plaintiffs different from the taxpayer whose identification number is listed on the return. *Id.* Here, as discussed above, Plaintiff did not provide a copy of the claim for refund, nor a statement identifying the information Rule

5

9(m) requires.  However, as Plaintiff is proceeding *pro se*, the Court holds Plaintiff's pleading to "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In exhibits to its motion, Defendant included Plaintiff's tax documents that would satisfy Rule 9(m); and, in his response, Plaintiff does not dispute the accuracy of these documents.  Accordingly, the Court will look to Plaintiff's tax documents contained in Defendant's exhibits when determining whether this Court has jurisdiction over Plaintiff's claims.  *See Banks*, 741 F.3d at 1277; *Doyle v. United States*, 129 Fed. Cl. 147, 153 (2016) (explaining that a court's consideration of facts outside the complaint when deciding whether jurisdiction is proper "does not convert the motion to dismiss into one for summary judgment").

    A.  <u>This Court lacks jurisdiction over Plaintiff's claims</u>.

While this Court must liberally construe the filings of *pro se* plaintiffs like Mr. Jackson, such plaintiffs still have the burden of establishing the Court's jurisdiction by a preponderance of the evidence.  *See Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."); *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (per curiam) ("While pro se plaintiffs are entitled to a liberal construction of their complaint, the leniency afforded pro se litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").  As with all other litigants, this Court must have jurisdiction over each claim brought by *pro se* litigants.  *See Landreth*, 797 F. App'x at 523.  Plaintiff did not meet his burden.  The Court lacks jurisdiction over his tax refund claim because the Plaintiff has not properly exhausted his administrative remedies.  Moreover, the Court lacks jurisdiction over his unlawful collection action claims because such actions must be brought before a United States District Court.

Construed liberally, Plaintiff's complaint asserts a tax refund claim. Pl. Compl.; Def. Ex. 2. Congress has placed within this Court's jurisdiction "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983). This includes claims for the refunds of federal taxes. *See Kehmeier v. United States*, 95 Fed. Cl. 442, 444 (2010). However, claims for refund require the plaintiff to first exhaust his available administrative remedies before filing suit in federal court. *Id.*

To exhaust the administrative remedies in a tax refund case, a plaintiff must first file a claim for refund with the IRS. *Id.* The claim filed with the IRS must be submitted "according to the provisions of law . . . and the regulations of the Secretary established in pursuance thereof." I.R.C. § 7422(a). A "properly executed" amended return can "constitute a claim for refund or credit," 26 C.F.R. § 301.6402-3(a)(5); however, a claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof . . . . A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit," 26 C.F.R. § 301.6402-2(b)(1). Thus, a return "lacking essential financial information do[es] not constitute [a] 'properly executed' return[] for purposes of the refund claim provisions." *Hamzik v. United States*, 64 Fed. Cl. 766, 767 (2005). "Most cases have concluded that tax returns reporting zero wages cannot serve as claims for refund because they fail to include information upon which a tax could be calculated." *Kehmeier,* 95 Fed. Cl. at 445; *see also Hamzik*, 64 Fed. Cl. at 767.

Plaintiff's Amended Return lacks the essential financial information necessary to qualify as a claim for a tax refund. Like in *Hamzik* and *Kehmeier*, Plaintiff reported an income of zero and substantial tax withholdings. Def. Ex. 2 at 6 (Amended Return reporting withholding of $19,445). Plaintiff's Amended Return does not list any deductions or credits that might explain the reduced income. *Id.* In contrast, Plaintiff's 2014 tax return and his employer's W-2s both reflect an income of $73,948 and withholding amount of $13,803.[6] Def. Ex. 3. Without more information, the IRS cannot calculate a tax. In cases such as this where the Plaintiff retracted an initial tax return reporting income and replaced it with a return reporting no income, it is especially important to apprise the IRS of the basis of the refund claim. Without this information, Plaintiff's claim is not "properly executed" as required to exhaust his administrative remedies at the IRS. Until Plaintiff does that, this Court lacks subject matter jurisdiction.

Liberally construed, Plaintiff's complaint also asserts an unlawful collection action.[7] This Court lacks jurisdiction over such claims. Claims for damages for unlawful collection activities of the IRS must be brought before a United States District Court. I.R.C. § 7433(a) (vesting district courts, not the United States Court of Federal Claims, with jurisdiction over unauthorized collection actions against the IRS); *see also Ledford v. United States*, 297 F.3d 1382 (Fed. Cir. 2002) (affirming dismissal for lack of subject matter jurisdiction of plaintiff's claim for damages based on the IRS's allegedly unlawful collection activities); *Zolman v.*

---

[6] *See supra* note 3.

[7] Plaintiff appears to seek relief only for his purported refund but also alleges a "misuse" of a variety of sections of the Internal Revenue Code, each dealing with either the IRS procedures for collecting fines or the IRS procedure for dealing with false or fraudulent returns. Compl. at 2.

*United States*, No. 17-1901T, 2018 WL 1664690, at *2 (Fed. Cl. Apr. 6, 2018) (holding that U.S. District Courts, and not the U.S. Court of Federal Claims, possess subject-matter jurisdiction to consider unlawful collection claims).

Here, Plaintiff alleges that the IRS "misused IRC Section 6702," "failed to provide specifics, contrary to . . . § 6703," improperly used the IRS Manual to justify their assertions, and "failed to establish a counterclaim, as required by IRC Section . . . 6020(b), and 26 C.F.R. § 301.6020-l(b)." Compl. at 2. To the extent that Plaintiff is seeking damages for these alleged unlawful collection activities, these claims lie outside of the Court's jurisdiction.[8]

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) is granted.

---

[8] Plaintiff also appears to assert in his Response that he is also challenging the IRS's $5,000 penalty before this Court. Pl. Second Resp. at 19 ("[Defendant] has failed to meet the Burden of Proof for their statements asserting a frivolous return and the basis for assessment of the Civil Penalty."). In his complaint, Plaintiff did not mention the penalty, nor did he include the $5,000 in his request for relief, *see* Compl, and Plaintiff cannot amend his complaint via his response brief, *see* Rule 15(a). Plaintiff's complaint and responses are ultimately unclear about what claims Plaintiff seeks; however, one could reasonably read Plaintiff's request for $5,000 in relief as related to, what the Court has construed as, Plaintiff's unlawful collection action claim. Furthermore, to the extent that this claim challenging the $5,000 penalty is currently before the Tax Court, *see* Pl. Second Resp. at 10, 12, 19, this Court does not have jurisdiction over that claim. Pursuant to 28 U.S.C. § 1500, this Court does not have jurisdiction over "any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States." Consequently, this Court cannot exercise jurisdiction over Plaintiff's claim to the extent that it is "based on the same operative facts and request[] the same relief," as it appears to be here. *See Sanders v. United States*, 34 Fed. Cl. 38, 44 (1995).

B. <u>Plaintiff fails to state a claim for which relief can be granted</u>.

In the interest of completeness, the Court will assess whether Plaintiff stated a claim for which relief can be granted. *Vehr v. United States*, 122 Fed. Cl. 556, 559 (2014) (finding the Court lacks subject matter jurisdiction, yet nevertheless considering defendant's 12(b)(6) motion). Plaintiff's pleadings must "be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Kelly v. United States*, No. 10-165T, 2010 WL 2674530 *2 (Fed. Cl. June 28, 2010) (quoting *Twombly*, 550 U.S. at 570). Plaintiffs can "fail to meet this bar of plausibility due to the purely fictitious and frivolous nature of their claims." *Id.*

Plaintiff's complaint appears to rely on a "tax defier theory." *See* Pl. Second Resp. at 18. In his response, Plaintiff cites 26 U.S.C. § 3401(c), which states that "[f]or purposes of this chapter, the term 'employee' includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term 'employee' also includes an officer of a corporation." Pl. Second Resp. at 14. Plaintiff appears to misinterpret this provision to provide that only those types of employees explicitly listed in the statute fall under the purview of the federal tax regime. However, "[t]he terms 'includes' . . . when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined." *Id.* (citing 26 U.S.C. 7701(c)). Additionally, "assertions that [plaintiffs'] wages were exempt from federal withholdings because they are not federal employees and do not reside in this District of Columbia have been widely discredited." *Meissner v. United States*, 136 Fed. Cl. 763, 777 (2018); *see also Taliaferro v. Freeman*, 595 F. App'x 961, 962-63 (11th Cir. 2014) (rejecting as frivolous the taxpayer's argument that the federal income tax applies only to federal employees

10

and ordering sanctions against him). Accordingly, even if this Court had jurisdiction over Plaintiff's claims, Plaintiff's complaint does not meet the minimum threshold of plausibility required for the case to proceed.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**, and Plaintiff's claims are **DISMISSED**. The Clerk of Court is **DIRECTED** to enter judgement accordingly.

IT IS SO ORDERED.

                                                    s/Eleni M. Roumel
                                                   ELENI M. ROUMEL
                                                          Judge

November 1, 2021
Washington, D.C.